IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Kui Xu,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | |
| **BP America Production Company,** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Kui Xu, filing this her Original Complaint complaining of Defendant, BP America Production Company ("BP America"), and in support thereof would show as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Kui Xu pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, and the related anti-retaliation regulations.

2. Plaintiff, Kui Xu, is an individual who resides in Houston, Harris County, Texas. Plaintiff is an Asian-American from China and is protected by 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended. Plaintiff was at all relevant times an employee within the meaning of the applicable statutes.

3. Defendant, BP America, is a corporation that operates (and has continuously been operating) in the State of Texas.

4. The unlawful employment practices asserted in this complaint herein wholly or partly arose in the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

**VICARIOUS LIABILITY—RESPONDEAT SUPERIOR**

5. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives.

6. The acts of management including but not limited to Chuck Bigi ("Bigi") was performed while in the employment of Defendant, to further Defendant's business, to accomplish the objective for which these supervisory employees were hired, and within the course and scope of that employment or within the authority delegated to these employees. Bigi was given supervisory authority over Plaintiff.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Civil Rights Division, Texas Workforce Commission Civil Rights Division ("EEOC") on or about January 19, 2010. In that Charge, No. 460-2010-

01182, Plaintiff asserts that she was discriminated against because of her sex (female), race (Asian) and national origin (Chinese). She further asserts that she was subjected to retaliation after complaining. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

### III.
### FACTUAL BACKGROUND

8.  Kui Xu began her employment with Defendant on September 1, 2008 as a Supply Quality Specialist after a very intense interview process.

9.  Chuck Bigi was Xu's supervisor.

10. Xu was the only female on Bigi's 4 person team.

11. Beginning in February of 2009, Xu was subjected to unwelcome sexual comments by Bigi. Specifically, she was asked out on dates, her desk was moved next to Bigi's so that he could "see [her] everyday whenever [Bigi] want[ed]", her legs were rubbed, she received compliments on her body parts, and her buttocks was touched, among other things.

12. Bigi would tell Plaintiff, "I am a good boss. I am a good man. I can protect you."

13. Once, Bigi pretended to have computer problems. He insisted that Plaintiff help him; he said, "Kui come over." Once in his office space, Bigi placed the computer on his lap. While Plaintiff worked on the computer, Bigi said "Slowly. Slowly. Be gentle. You are too rush."

14. She was subjected to degrading and offensive comments by Bigi and her peers. They exhibited hostility and disrespect towards women and Asians including but not limited to calling women bitches, repeatedly calling Plaintiff Bigi's "personal assistant" despite her

being an accomplished engineer, violently shaking Plaintiff's chair while she sat in it, calling her a "Chinese Spy", mocking Chinese women as "very obedient",

15. On a business trip with her all-male peers and Bigi, Xu's peers laughed and joked and told Bigi the following: "[Xu] is all dressed up for you boss." "Her hair is down." "She will serve you so well." "She is ready for you." "You will have a good time boss."

16. In other business meetings, Xu's peers and Bigi would openly discuss visits to strip clubs. They would degrade women by saying that they only wanted "one thing" from women.

17. When Xu politely told Bigi that she was not interested in a personal relationship with him, he became extremely hostile and unduly critical of her work performance.

18. Bigi threatened Xu, "You don't appreciate that I am a good manager and husband. You are going to have consequences. You are stupid because you do not follow my demands."

19. When Xu reported her male coworker's violent behavior towards her to Human Resources and Bigi on or about June 4, 2009, Bigi became even more hostile and critical.

20. While in two separate meetings with Human Resources, Bigi intimidated Plaintiff. He essentially yelled, "Look in my eyes! We are in American. Don't you understand?"

21. After Xu's rejection, she was placed on a Performance Improvement Plan ("PIP) on or about July 2, 2009. Importantly, many of the areas needing improvement were to be completed before Xu was even issued the PIP. Too, it was to be in place for a period of 60 days. At the end of the 60 day period, Defendant was to review Xu's situation and determine whether the plan was successfully completed.

22. Before, Xu received a good performance evaluation and a sizable monetary bonus.

23. Instead, Xu was ushered out of town on business, giving her no genuine opportunity to succeed in the PIP.  Moreover, Xu was terminated on August 10, 2009 – before the 60 day period lapsed.

24. The effect of the practices complained of in paragraphs 8 through 23, above, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, race and national origin. Further, Plaintiff has been retaliated against via workplace harassment and termination.

## IV.
## CAUSES OF ACTION

**A.     Sexual Harassment**

25. Xu repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 24 and incorporates the same herein as though fully set forth.

26. Defendant, through its agents, supervisors, or employees, including Chuck Bigi, engaged in unlawful sex discrimination by subjecting Xu to unwelcome sexual harassment in violation of Title VII.

27. The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile and overtly offensive work environment, which interfered with Xu's emotional and physical well-being.

28. Defendant at all times relevant hereto had actual and/or constructive knowledge of the conduct described in paragraphs 8 through 24 in large part because of Chuck Bigi's influential supervisory position and the open and obvious nature of the misconduct.

29. As a result of the hostile and offensive work environment perpetrated by Defendant, through its agents, supervisors, or employees, and maintained by Defendant's failure to protect Plaintiff from further harassment, Plaintiff suffered severe emotional distress and physical injury.

30. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions of Manager Chuck Bigi and two male co-workers as described herein.

31. Defendant failed to comply with their statutory duty to promptly take all reasonable and necessary steps to eliminate sexual and racial harassment from the workplace and to prevent it from occurring in the future.

32. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and/or will incur medical expenses for treatment by psychotherapists and other health professionals, and for other incidental expenses; and she has suffered and/or will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

33. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs,

the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Petition in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

**B. Sex Discrimination**

34. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8 through 24 and incorporates the same herein as though fully set forth.

35. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful sex discrimination, in violation of Title VII.

36. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and overtly offensive work environment, which interfered with Plaintiff's emotional and physical well-being.

37. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers as described in paragraphs 8 through 24 including but not limited to espousing gender-biased views of women, having little regard for women, and more.

38. As a result of the hostile and offensive work environment perpetrated by Defendant, through its agents, supervisors, or employees, and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered adverse employment actions and/or decisions including, but not limited to disparate work terms and conditions, and retaliation.

39. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and/or will incur medical expenses for treatment by health care professionals, and for other incidental expenses; and she has suffered and/or will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

40. As a further direct and proximate result of Defendant's violation of said statutes as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to said statutes.

## C.     Race and National Origin Discrimination Pursuant To 42 U.S.C. §1981 And Title VII

41. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

42. Defendant, through it agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's performance of her employment because of her race and national origin.

43. This intentional interference consisted of discrimination of a continuous nature.

44. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

45. The above-described acts on Defendant's part caused Plaintiff substantial injuries and damages.

**D.     Retaliation Pursuant To 42 U.S.C. §1981 And Title VII**

46. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

47. After complaining to management of maltreatment, Plaintiff was subsequently and repeatedly harangued, refused advancements, rated poorly, undermined as a supervisor, refused workplace benefits, and ultimately terminated.

48. As herein alleged, Defendant illegally retaliated against Plaintiff because she complained of maltreatment.  Defendant had no legitimate business reasons for any such acts.  Each act of retaliation is in violation of 42 U.S.C. §1981 and Title VII's anti-retaliation provisions.

49. As a direct result and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation against them, Plaintiff has will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff's thereby entitled to general and compensatory damages in amounts to be proven at trial.

50. The above-described acts on Defendant's part were undertaken in violation of 42 U.S.C. §1981 and Title VII and proximately caused Plaintiff substantial injuries and damages.

**E.**     **Assault**

51.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 8 through 24 and incorporates the same by reference as though fully set forth herein.

52.   Defendant unlawfully committed assault upon Plaintiff at the workplace. Chuck Bigi, knowingly, intentionally and without Plaintiff's consent touched and made sexual innuendos towards Plaintiff in the manner described above.

53.   Defendant through the abovementioned acts, intentionally and knowingly caused and allowed harmful physical contact with Plaintiff when Defendant knew or should have reasonably believed that Plaintiff found the contact and comments to be offensive.

## V.
## JURY DEMAND

54.   Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

55.   Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages in an amount to be proved at trial.

56. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action.  Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

57. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

58. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant.  Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights.

b. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or

front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any amendment hereto.

Respectfully submitted,

/s/

---

Katrina S. Patrick
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
530 Lovett Street
Houston, Texas  77006
Telephone:  (713) 796-8218
Facsimile:  (713) 533-9607

ATTORNEY FOR PLAINTIFF
KUI XU